UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JANELLE MENDEZ,

                     Plaintiff,

    -against-

UNITED STATES OF AMERICA,

                     Defendant.
------------------------------------------------------------X

Civil Action No.: 7:22-cv-631

**VERIFIED COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, by her attorneys, LAW OFFICES OF SANDRA M. RADNA, P.C., complaining of the Defendant, respectfully alleges, upon information and belief, as follows:

## INTRODUCTION

1. This is an action against the Defendant **UNITED STATES OF AMERICA** under The Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1) for negligence and medical malpractice in connection with medical care provided to Plaintiff **JANELLE MENDEZ** at the U.S. Department of Veterans Affairs at the Castle Point VA Medical Center located at 41 Castle Point Road, Wappingers Falls, New York.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1) for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiff **JANELLE MENDEZ** has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act by filing a Standard Form 95 with the U.S. Department of Veteran Affairs on or about December 14, 2020. *Standard Form 95 is attached as Exhibit A.*

4. This suit has been timely filed in that Plaintiff served notice of her claim on the U.S. Department of Veterans Affairs less than two years after the incident forming the basis of this suit.

5. Plaintiff is commencing this instant action by filing this Complaint within six months after receiving the U.S. Department of Veterans Affairs notice of "final denial" dated July 28, 2021, pursuant to 28 U.S.C. §2401(b). *Administrative Tort Claim Denial Letter attached as Exhibit B.*

## JURISDICTION AND VENUE

6. At all times herein mentioned, Plaintiff was a resident of the County of Dutchess, State of New York.

7. Plaintiff **JANELLE MENDEZ** currently resides at 690 Casamiro Duchesne (URB. PRADA VILLA), San Juan, Puerto Rico 00924.

8. Defendant **UNITED STATES OF AMERICA,** through its agency, The U.S. Department of Veterans Affairs, operates the Castle Point VA Medical Center, located at 41 Castle Point Road, Wappingers Falls, County of Dutchess, State of New York.

9. Defendant **UNITED STATES OF AMERICA,** including its directors, officers, operators, Administrators, employees, agents and staff at the Castle Point VA Medical Center are hereinafter collectively referred to as "Castle Point VA Medical Center."

10. The amount in controversy in this matter exceeds the sum of **SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS** exclusive of interest and costs.

11. Jurisdiction is properly had over this matter pursuant to 28 U.S.C. §1346(b)(1).

12. Venue is properly placed in the United States District Court for the Southern District of New York.

## AS AND FOR FIRST CAUSE OF ACTION

13. At all times mentioned herein, Defendant **UNITED STATES OF AMERICA** owned, operated, controlled, and managed a health care facility pursuant to the laws of the State of New York for the care of the medical issues, located at 41 Castle Point Road, Wappingers Falls, New York known as Castle Point VA Medical Center, which provided personnel, including doctors, nurses, attendants, physician's assistants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including Plaintiff **JANELLE MENDEZ** could be treated.

14. At all times mentioned herein, Defendant **UNITED STATES OF AMERICA** at the Castle Point VA Medical Center held themselves out to offer professional, medical and related services to the public in general, and to Plaintiff **JANELLE MENDEZ** in particular.

15. At all times mentioned herein, Defendant **UNITED STATES OF AMERICA** at the Castle Point VA Medical Center represented that they and their staff, doctors, nurses and employees were competent to perform and render all the medical care, treatment, services and advice required by Plaintiff **JANELLE MENDEZ.**

16. That during a continuous course of treatment from on or about November 16, 2019 up to and including December 11, 2019, Plaintiff JANELLE MENDEZ received treatment and medical advice from Dr. Srinivasa Adapa at Castle Point VA Medical Center, as well as

from the agents, servants, employees, and/or associates of the defendant, **UNITED STATES OF AMERICA,** at Castle Point VA Medical Center.

17. Defendant, **UNITED STATES OF AMERICA,** through its agents, servants, employees and/or associates, was expected to render standard, proper and careful medical care and treatment, including standard, proper and careful medical care and treatment, in accordance with good and accepted medical practices, methods, standards and procedures.

18. Defendant, **UNITED STATES OF AMERICA,** through its agents, servants, employees and/or associates, were careless and negligent and departed from the standards of good and accepted medical care and treatment and standards of care in their treatment of Plaintiff **JANELLE MENDEZ,** and the physicians and other personnel at Castle Point VA Medical Center, including Srinivasa Adapa, M.D., and their agents, servants, and assigns were negligent and careless in said care and treatment, and said care and treatment was not in accordance with good and accepted medical practices then and there existing.

19. Defendant, **UNITED STATES OF AMERICA,** through its agents, servants, employees and/or associates, was careless and negligent, and committed medical malpractice, in that its personnel failed to adequately and properly diagnose, care for, treat and manage **JANELLE MENDEZ,** in failing to address and treat Plaintiff's urological symptoms when she presented to the Emergency Department with left lower quadrant pain and a sensation of urgency with inability to void; in failing to obtain appropriate consultations; in failing to perform appropriate testing in order to determine the source of Plaintiff's urological symptoms prior to her discharge on November 16, 2019; in failing to employ

approved methods and measures generally in use during the Plaintiff's November 16, 2019 presentation to the Emergency Department at Castle Point VA Medical Center; in departing from accepted standards of medical practices and procedures; in failing to use ordinary and reasonable medical care, diligence, and skill; in failing to order or conduct appropriate testing; in failing to possess the requisite degree of learning, knowledge and skill; in negligently and prematurely discharging Plaintiff **JANELLE MENDEZ** prior to obtaining proper testing and as such Plaintiff was allowed, caused and permitted to suffer severe, significant and irreparable injury and damage; in failing to refer Plaintiff **JANELLE MENDEZ**, for emergent treatment with regard to her condition of left sided abdominal pain and inability to void; in failing to properly document and record Plaintiff **JANELLE MENDEZ's** condition despite her history of polycystic ovarian syndrome; in failing to institute appropriate therapy for Plaintiff **JANELLE MENDEZ's** condition; in misleading Plaintiff **JANELLE MENDEZ**, as to the true nature of her medical condition; in treating Plaintiff **JANELLE MENDEZ**, in a manner which exacerbated her PTSD; in negligently causing, allowing and permitting the Plaintiff **JANELLE MENDEZ's** condition to worsen and deteriorate, thereby necessitating hospitalization, treatment, and subsequent surgery.

20. The Plaintiff was allowed, caused, and permitted to suffer severe and significant and irreparable injury and damage all of which was avoidable by the exercise of due and reasonable care on the part of the defendant herein without the Plaintiff being contributorily negligent thereto.

21. The above medical care, diagnosis, treatment, and services rendered to Plaintiff **JANELLE MENDEZ** were rendered negligently, carelessly, unskillfully, and not in

accordance with accepted standards of medical care, diagnosis, treatment and services in the community.

22. By reason of the above, Plaintiff **JANELLE MENDEZ,** was caused to suffer severe and irreparable personal injuries and damages, including sepsis, urinary tract infection with dysuria and frequency resulting in hospitalization from December 9, 2019 through December 11, 2019; urinary tract infection with dysuria and frequency; kidney stones resulting in emergency cystoscopy, ureteroscopy, hydronephrosis, and dilation of right ureter with placement of stent; severe flank pain; inability to maintain PTSD medication regimen due to contradiction with medication for kidney stones and stent placement; conscious pain and suffering; loss of enjoyment and quality of life; loss of earnings; economic loss; severe physical and emotional pain and suffering; and a recurrence of Plaintiff **JANELLE MENDEZ's** PTSD requiring her to incur great medical expenses for further care and treatment, vocational as well as other therapies, future hospitalizations as well as other care, and has otherwise been caused to be damaged thereby, all of which were otherwise avoidable by the exercise of due and reasonable care.

23. By reason of the above premises, Plaintiff **JANELLE MENDEZ,** was caused to suffer severe and irreparable personal injuries and damages, which were otherwise avoidable by the exercise of due and reasonable care, and as such, Plaintiff **JANELLE MENDEZ,** specifically sets forth a substantial cause of action for damages in the amount of One Million Dollars ($1,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION

24. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in the First Cause of Action as if set forth in full herein.

25. That at no time was the Plaintiff ever advised, either orally or in writing of the possible risks and dangers nor the possibility of permanent damage to the Plaintiff with regard to the care being rendered to the Plaintiff, nor was she ever advised that she may suffer severe or personal injuries and damages, and had the defendant or any of its agents, servants, employees and/or associates informed or advised the Plaintiff of the possible risks involved, the Plaintiff would not have been lulled into a false sense of security and would never have consented to the treatment rendered to the Plaintiff, all of which resulted in damage to the Plaintiff herein.

26. That as a result of the foregoing, the Plaintiff has been damaged in the amount and manner aforesaid in a substantial sum of money to be determined by a Court and jury in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this action.

27. That by reason of the above premises, the medical care and treatment rendered and afforded to the Plaintiff, **JANELLE MENDEZ,** was without first obtaining an informed consent, and, as such, the plaintiff has been damaged, and set forth a substantial cause of action in the amount of One Million Dollars ($1,000,000.00).

**WHEREFORE,** the Plaintiff, **JANELLE MENDEZ,** demands judgment of the defendant, **UNITED STATES OF AMERICA,** in the total amount of Two Million Dollars ($2,000,000.00).

Dated: Melville, New York
       January 25, 2022

                                      Yours, etc.

By: _____
SANDRA M. RADNA (SMR 0707)
LAW OFFICES OF
SANDRA M. RADNA, P.C.
*Attorneys for Plaintiff*
JANELLE MENDEZ
200 Broadhollow Road, Suite 314
Melville, New York 11747
(631) 754-6382

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK     )
                     ) ss.:
COUNTY OF SUFFOLK     )

SANDRA M. RADNA, an attorney admitted to practice in the Courts of New York State, states that:

1. I am the Principal of SANDRA M. RADNA, P.C., the attorneys for the Plaintiff in the within action;

2. I have read the foregoing COMPLAINT and know its contents to be true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true;

3. The reason I make this verification instead of the Plaintiff is that Plaintiff does not reside within the county in which your affirmant's office is located;

4. The sources for my information and the grounds for my belief are based upon my conversations with the Plaintiff, correspondence, investigation, statements, and information in affirmant's office.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: Melville, New York
       January 25, 2022

_____
**SANDRA M. RADNA**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JANELLE MENDEZ,

                Plaintiff,

  -against-

UNITED STATES OF AMERICA,                CERTIFICATE PURSUANT TO

                Defendant.

                                                                                 CPLR 3012 (a)
------------------------------------------------------------X

      **SANDRA M. RADNA**, an attorney duly admitted to practice law before the courts of this State, and the Principal of **LAW OFFICES OF SANDRA M. RADNA, P.C.** attorneys for Plaintiff, affirms the following to be true under penalties of perjury:

      I certify that I have reviewed the facts of this case and have consulted with a physician licensed to practice in this State who I reasonably believe is knowledgeable in the relevant issues involved in this action, and that I have concluded, on the basis of such review and consultation, that there is a reasonable basis for the commencement of this action.

Dated: Melville, New York
       January 25, 2022

                                                                            _____
                                                                            **SANDRA M. RADNA**

Index No.                                             Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANELLE MENDEZ,

                              Plaintiff,

   -against-

UNITED STATES OF AMERICA,

                              Defendant.

---

**VERIFIED COMPLAINT**

---

**LAW OFFICES OF
SANDRA M. RADNA, P.C.**
Attorneys for *Plaintiff*
**200 Broadhollow Road, Suite 314
Melville, New York 11747
(631)754-6382 (telephone)
(631)754-6381 (facsimile)**

---

*To:*

*Attorney(s) for*

---

*Service of a copy of the within is hereby admitted.*
*Dated:*

                                                                     _____
                                                                     *Attorney(s) for*

---

PLEASE TAKE NOTICE

    *[ ]*    that the within is a (certified) true copy of a   entered in the office of the clerk of the within named Court on             , 20

    *[ ]*    that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at          on         , 20 , at    .m.

    *Dated:*

                                              **LAW OFFICES OF SANDRA M. RADNA, P.C.**
                                              Attorneys for *Plaintiff*
                                              **200 Broadhollow Road, Suite 314
                                              Melville, New York 11747
                                              (631)754-6382 (telephone)
                                              (631)754-6381 (facsimile)**